**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Tri-Valley Corporation, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 12-12291 (MFW) |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*,<br><br>Plaintiff.<br><br>v.<br><br>James Kromer,<br><br>Defendant. | Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**

Plaintiff Charles A. Stanziale, Jr. (the "Plaintiff" or the "Trustee"), in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, et al., by and through his attorneys McCarter & English, LLP, as and for his Complaint against James Kromer (the "Defendant"), alleges and says:

**JURISDICTION AND VENUE**

1.  This adversary proceeding arises under 11 U.S.C. §§548, and 550.

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b).

3.  This adversary proceeding is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (H).

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

4. Venue of this adversary proceeding is proper in this District under 28 U.S.C. §1409(a).

5. The Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

6. On March 26, 2013, the Office of the United States Trustee appointed the Trustee to serve as the interim chapter 7 trustee for the Debtors' chapter 7 estate (Docket No. 696). In accordance with section 702(d) of the Bankruptcy Code, the Trustee continues to serve as the chapter 7 trustee for the Debtors' estate.

7. Tri-Valley Corporation ("TVC") was incorporated in 1988. Its primary business was the development of oil wells and the exploration and location of natural gas resources.

8. TVC was a Delaware corporation and maintained a principal place of business at 4927 Calloway Drive, Bakersfield, California 93312.

9. The Plaintiff/Trustee maintains offices located at Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102.

10. The Defendant is an insider of TVC as defined under 11 U.S.C. §101.

11. The Defendant was Vice President of Operations.

12. At all relevant times, the Defendant was an officer or authorized representative of the Debtor. The Defendant was an authorized officer of TVC.

13. The Defendant is an adult individual residing at 11800 Shanklin Street, Bakersfield CA 93312.

**FACTUAL BACKGROUND**

14. TVC and its two subsidiaries, Select Resources Corporation, Inc. and Tri-Valley Oil & Gas Co., each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware on August 7, 2012 (the "Petition Date").

15. On August 9, 2012, the Court entered an order Directing the Joint Administration of Debtors' Cases [Docket no. 32].

16. On March 25, 2013, the Bankruptcy Court entered an Order converting the Debtors' cases to Chapter 7 proceedings [Docket No. 692]. On March 26, 2013, the United States Trustee Office appointed Charles A. Stanziale, Jr., as the Chapter 7 Trustee (the "Trustee") in the Debtors' bankruptcy cases [Docket No. 696].

17. On May 6, 2013, this Court entered an Order Authorizing the Retention and Employment of McCarter & English, LLP, as Counsel to the Chapter 7 Trustee *nunc pro tunc* to March 26, 2013.

18. Prior to the Petition Date, the Defendant was employed by TVC.

**The Fraudulent Transfers**

19. TVC and/or the Debtors made fraudulent transfers to the Defendant in the amount of $132,763.00 (the "Transfers"). Details of the Transfers are set forth on the schedule annexed hereto as **Exhibit A**, which is incorporated by reference.

20. The Transfers constitute fraudulent transfers, which should be avoided pursuant to Bankruptcy Code § 548, and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## COUNT ONE
### (AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550)

21. The Transfers constitute transfers of the Debtors' interest in property made to or for the benefit of insiders and not in the ordinary course of business.

22. The Defendant did not provide reasonably equivalent value to TVC and/or the Debtors in exchange for the Transfers.

23. At the time of the Transfers, the Debtors, including TVC, were insolvent, or became insolvent as a result of the Transfers.

24. The Transfers constitute fraudulent transfers avoidable by the Trustee under section 548(a)(1)(B) of the Bankruptcy Code and recoverable under section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment on Count One of this complaint:

A. Avoiding the Transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

B. Directing the Defendant to turn over to the Plaintiff $132,763.00, plus interest, pursuant to section 550(a) of the Bankruptcy Code.

C. For attorneys' fees and costs of suit.

D. For such other and further relief as is just and proper.

## COUNT TWO
### (AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550(a))

25. The Trustee repeats and realleges each and every allegation set forth above as though fully set forth herein.

26. The Transfers were made with the actual intent to hinder, delay or defraud creditors and other entities to which TVC and/or the Debtor was or became, indebted on or after the dates of such Transfer.

27. The Transfers constitute fraudulent transfers avoidable by the Trustee under section 548(a)(1)(A) of the Bankruptcy Code and recoverable from the Defendant under section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment on Count Two of this complaint:

A. Avoiding the Transfers pursuant to section 548(a)(1)(A) of the Bankruptcy Code.

B. Directing the Defendant to turn over to the Plaintiff $132,763.00, plus interest, pursuant to section 550(a) of the Bankruptcy Code.

C. For attorneys' fees and costs of suit.

D. For such other and further relief as is just and proper.

## RESERVATION OF RIGHTS

The Trustee reserves the right to bring all other claims or causes of action that the Trustee might have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, the Trustee has not completed a review and analysis of the proofs of claim filed in the Debtors' bankruptcy cases. Therefore, nothing contained in this Complaint shall be construed as a waiver of the Trustee's right to object to any proof of claim filed by the Defendant. Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant including under section 502 of the Bankruptcy Code. For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

ME1 18669455v.1

**WHEREFORE**, the Trustee demands judgment on all Counts of this complaint:

A.    Avoiding the Transfers pursuant to sections 548, and 550 of the Bankruptcy Code.

B.    Directing the Defendant to turn over to the Plaintiff $132,763.00, plus interest, pursuant to section 550(a) of the Bankruptcy Code.

C.    For attorneys' fees and costs of suit.

D.    For such other and further relief as is just and proper.

Dated:  August 6, 2014                    **McCARTER & ENGLISH, LLP**
            Wilmington, Delaware

*/s/ William F. Taylor, Jr.*
William F. Taylor, Jr., Esq. (DE # 2936)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
Fax: 302-984-6399
wtaylor@mccarter.com

— and —

Jeffrey T. Testa, Esq.
Donald J. Crecca, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Tel:  973-622-4444
Fax:  973-297-3823
jtesta@mccarter.com
dcrecca@mccarter.com

*Counsel to Charles A. Stanziale, Jr., the Chapter 7 Trustee*